PATTERSON *v.* STATE OF INDIANA.

[No. 25,982. Filed June 30, 1933.]

Roscoe Hollingsworth and C. V. Dodson, for appellant.

James M. Ogden, Attorney-General, and Merl M. Wall, Deputy Attorney-General, for the State.

TREANOR, J.—Appellant was charged with maintaining a nuisance under §2740, Burns Ann. Ind. St. 1926, Acts 1925, ch. 48, p. 144, §24. Insofar as the affidavit stated a public offense it alleged that she unlawfully kept a house where intoxicating liquors were sold, bartered and given away. Trial by jury resulted in a verdict of guilty. Appellant assigns as error the overruling of her motion for a new trial and on appeal presents two of the grounds alleged in her motion: 1. That the verdict of the jury is contrary to law; 2. That the verdict of the jury is not sustained by sufficient evidence.

The evidence directed toward the offense charged in the affidavit was to the effect that on two occasions officers found alcohol, beer and wine at appellant's house; that appellant told an officer that she made the wine to sell; that on one occasion the officers found five people there and found seven people present on the other occasion; that bottles of beer, glasses which had contained beer and a pitcher of alcohol were on the table and "sideboard"; that appellant and another person were intoxicated and that appellant's house had a general reputation as being a place where intoxicating liquor was sold.

It is well established that in determining whether a trial court erred in overruling a motion for new trial on the ground that the verdict is not sustained by sufficient evidence this Court will look only to the evidence which tends to support the verdict and will not weigh conflicting evidence. It is equally well settled that there must be some evidence which

establishes or tends to establish the essential elements of the offense for which appellant is charged and convicted. This Court, in testing the sufficiency of the evidence, follows the rule that "proof of a fact is also proof of all reasonable inferences therefrom, but not of unreasonable inferences." *Gears* v. *State* (1932), 203 Ind. 380, 180 N. E. 585, 590.

In applying these principles to the evidence in the instant case, we can not avoid the conclusion that the jury reasonably could have inferred that appellant unlawfully kept a house where intoxicating liquors were sold, bartered or given away.

Appellant complains that the proof of reputation is directed at a later time than the date of the offense as alleged in the affidavit. No question is presented as to the admissibility of such evidence, and as indicated, there was other evidence to sustain the verdict.

Appellant complains that the proof of reputation is directed at a later time than the date of the offense as alleged in the affidavit. No question is presented as to the admissibility of such evidence, and as indicated, there was other evidence to sustain the verdict.

It is true, as contended by appellant, that the affidavit does not charge that "a place was kept where persons were permitted to resort for the purpose of drinking intoxicating liquor as a beverage, nor that a place was kept where intoxicating liquor was kept for sale." Appellant apparently intends to suggest that the evidence introduced, if it tended to support any charge, could have supported only a charge of keeping a place where persons were permitted to resort for the purpose of drinking intoxicating liquor as a beverage, or of keeping a place where intoxicating liquors were kept for sale. We think the evidence would have supported such a charge but we are equally convinced that the evidence was sufficient to support the charge of unlawfully keep-

ing a house where intoxicating liquors were sold, bartered and given away.

Judgment affirmed.